```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

STEPHEN SITES, on behalf of
himself and all others
similarly situated,

      Plaintiff,

v.                                Civil Action No. 2:20-cv-00704

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

      Defendant.

## ORDER

On November 16, 2018, the plaintiff filed a complaint in the Circuit Court of Kanawha County alleging five individual claims relating to debt collection practices of the defendant. See ECF No. 1-1.  The plaintiff filed a first amended class action complaint on October 30, 2019, alleging one class claim individually and on behalf of others similarly situated for violation of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-2-127 and 46A-2-128(f).  See ECF No. 1-2.  The defendant thereafter removed the case to this court on October 22, 2020, asserting jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(1)-(11).  See ECF No. 1.

On July 12, 2021, the parties filed a notice of settlement indicating that this action had settled. ECF No. 24. On August 9, 2021, the parties filed a stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), stating that "Plaintiff, Stephen Sites, hereby dismisses this case in its entirety as to Defendant Portfolio Recovery Associates, with prejudice." ECF No. 25.

Rule 41(a)(1)(A)(ii) states that a plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared," subject to the provisions of, inter alia, Rule 23(e). Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class — or a class proposed to be certified for purposes of settlement — may be settled, voluntarily dismissed, or compromised only with the court's approval" and outlines the procedures for obtaining such approval. Where, as here, no class has been certified or proposed to be certified for the purposes of settlement, Rule 23(e) is inapplicable. See, e.g., Milligan v. Actavis, No. 2:09-cv-00121, 2009 U.S. Dist. LEXIS 81663, at *2 (S.D. W. Va. Sept. 9, 2009); 5 Moore's Fed. Prac. – Civil § 23.64 (2021); 7B Wright & Miller, Fed. Prac. & Proc. § 1797 (3d ed. 2021).

Still, the Fourth Circuit has held, in the context of a voluntary motion to dismiss an action containing individual and class claims, as follows:

> [B]efore a District Court may consider or approve a voluntary pre-certification settlement of an action begun as a class action . . . the court must, after a careful hearing, determine what "claims are being compromised" between the plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members. If, as a result of such hearing, the court is clearly satisfied that there has been no abuse of the class action device and no prejudice to absent putative class members, it may approve the settlement and dismissal without going through with a certification determination or requiring notice to be given to absent putative class members. We repeat what was said earlier that this is not to say that the District Court should not hold under the authority of Rule 23(d)(2) a certification hearing, or order notice, unless it has found the settlement collusive or prejudicial, to absent putative class members; the District Court may in its discretion, if it concludes that the "fair conduct of the action" requires it, order notice to absent putative class members. All we are saying is that, if it has found neither collusion nor prejudice, it is within the discretion of the District Court, under the facts of the particular case, to approve the dismissal without requiring a certification determination or a notice as mandated by 23(e).

<u>Shelton v. Pargo, Inc.</u>, 582 F.2d 1298, 1314 (4th Cir. 1978); <u>accord</u> <u>Milligan</u>, 2009 U.S. Dist. LEXIS 81663, at *2-3.

3

The parties have not provided any details regarding the settlement and voluntary dismissal with prejudice of this action and likewise have not sought court approval thereof. Accordingly, it is ORDERED that:

1. The parties submit a joint filing on or before August 17, 2021, providing a detailed factual summary of the settlement and voluntarily dismissal with prejudice and justification for court approval thereof.  If the parties do not believe court approval is actually necessary, the filing should provide a legal basis for reaching such a conclusion.

2. The stipulation of dismissal with prejudice (ECF No. 25) be, and it hereby is, VACATED, pending further order of the court.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER: August 10, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge