UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

STEPHEN SITES, on behalf of
himself and all others
similarly situated,

        Plaintiff,

v.                                    Civil Action No. 2:20-cv-00704

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

        Defendant.

ORDER


        The court is in receipt of the parties' joint filing
regarding settlement and dismissal under Federal Rule of Civil
Procedure 41(a)(1)(A)(ii), filed August 17, 2021.  ECF No. 27.

        The plaintiff in this action has asserted a claim
individually and on behalf of others similarly situated for
violation of the West Virginia Consumer Credit and Protection
Act, W. Va. Code §§ 46A-2-127 and 46A-2-128(f).  See ECF No.
1-2.  In its order entered August 10, 2021, the court recognized
that dismissal of the class claim as presented by the parties'
stipulation of dismissal with prejudice under Federal Rule of
Civil Procedure 41(a)(1)(A)(ii) (ECF No. 25) is not subject to
the requirements of Rule 23(e) since no class had been certified

or proposed to be certified for the purposes of settlement.  ECF
No. 26, at 2.  The court also recognized the holding in Shelton
v. Pargo, Inc., 582 F.2d 1298, 1314 (4th Cir. 1978), in which
the Fourth Circuit found that even though the particular
formalities of Rule 23 are inapplicable where there is a
voluntary pre-certification settlement, the court must consider
potential collusion among the parties and prejudice to putative
class members before approving the settlement.  ECF No. 26, at
3.  Ultimately, the court vacated the stipulation of dismissal
with prejudice and directed the parties to provide "a detailed
factual summary of the settlement and voluntar[]y dismissal with
prejudice and justification for court approval thereof," noting
that "[i]f the parties do not believe court approval is actually
necessary, the filing should provide a legal basis for reaching
such a conclusion."  Id. at 4.

In their August 17, 2021 filing, the parties provide
few details regarding the settlement.  See ECF No. 27, at 3.
The parties argue that voluntary dismissal is not subject to
Rule 23 after its amendment in 2003 and that "oversight process
[Shelton] describes is no longer required or authorized by the
Rules."  Id. at 5-6.  They cite Withrow v. Enterprise Holdings,
Inc., No. 3:09-1543, 2010 WL 3359686 (S.D. W. Va. Aug. 20,
2010), for the proposition that a Shelton review of the named

plaintiff's settlement is no longer necessary and posit that
Milligan v. Actavis, No. 2:09-cv-00121, 2009 U.S. Dist. LEXIS
81663, at *2 (S.D. W. Va. Sept. 9, 2009), which required
compliance with Shelton, was wrongly decided.  Id. at 6-7.  In
the event the court requires more information, the parties
"request that they be permitted to provide the terms of the
confidential settlement agreement under seal, or for the Court's
in camera review."  Id. at 8.

      The court has already found that Rule 23(e) is
inapplicable in its August 10, 2021 order.  ECF No. 26, at 2.
But as the court in Milligan recognized, Shelton remains
precedent in this circuit notwithstanding the clear
inapplicability of Rule 23(e).  2009 U.S. Dist. LEXIS 81663, at
*3 n. 1 ("Until the court of appeals revisits Pargo in light of
the [2003] amendment [of Rule 23(e)], I believe I am obligated
to apply that decision as binding precedent.").

      The Withrow case cited by the parties does not alter
this conclusion.  The procedural background to the voluntary
dismissal in Withrow was distinct:

      Soon [after the February 18, 2010 entry of the
      scheduling order], on March 16, 2010, counsel for
      Plaintiff called the Court and informed the Court that
      the parties had reached a tentative global settlement
      of the case.  He explained there were jurisdictional
      issues with the case being in West Virginia so the
      parties intended to dismiss this action and refile it

in Missouri.  He invited the Court to contact him if
the Court had any concerns about how the parties
intended to proceed.  As this case was in the very
initial stages of litigation, a class was never
certified, and the parties were refiling a class
action petition in Missouri, the Court expressed no
concern over the dismissal.  Therefore, on April 28,
2010, the parties signed and filed a joint a
Stipulation of Dismissal of Action without Prejudice
pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules
of Civil Procedure, which required no action by this
Court, and the case was terminated off the docket.

2010 WL 3359686 at *1.  A dissatisfied party, Ms. Taylor,

thereafter moved to set aside the voluntary dismissal, citing a

failure to comply with Rule 23(e) and Shelton.  Id. at *3-5.

    The Withrow court considered the holding in Shelton

concerning approval of pre-certification settlements of

representative parties' individual claims in class actions and

then explained why Shelton was "inapposite":

    In this case, the parties are not seeking to
    settle their individual claims to the detriment of the
    rest of the putative class.  Rather, they voluntarily
    dismissed the entire case in order to bring the class
    action in Missouri so they could add additional
    defendants which this Court would not have had
    jurisdiction over if the matter proceeded here.
    Clearly, adding the alleged responsible parties as
    defendants in the new action is to the benefit of the
    putative class, and the opposite likely would be true
    if the action remained here and the additional
    defendants could not be made part of the action.  In
    addition, although there may be some differences
    between CAFA and the settlement procedure in Missouri,
    a fair hearing already is scheduled in the Missouri
    action in which Ms. Taylor, or any other putative
    class member, may voice their objections. This Court
    has no reason to believe that the Missouri court will
    not make every effort to ensure that a fair and just

4

> settlement is reached with respect to the class
> members.

2010 WL 3359686, at *4.  Although Withrow found Shelton to be

inapplicable since the plaintiff in that case did not seek to

settle individual claims to the detriment of the putative class,

the court notes that Withrow, in effect, found the dismissal in

that case to accord with Shelton inasmuch as no prejudice

resulted from the dismissal and subsequent refiling of the

action in Missouri.  See id. at *4-5.  Indeed, the court noted

that even if Shelton were applicable, Ms. Taylor had "failed to

demonstrate collusion by the parties or prejudice to the

putative class members."  Id. at *5.

Unlike the circumstances in Withrow, the court has

little information to assess the possibility of collusion and

potential prejudice to the putative class.  However, several

cases have interpreted Shelton to allow approval of relevant

settlements on briefs without a full hearing.  See Milligan,

2009 U.S. Dist. LEXIS 81663, at *3 n. 2; McCoy v. Erie Ins. Co.,

204 F.R.D. 80, 83 n. 5 (S.D. W. Va. 2001); see also Shelton, 582

F.2d at 1315 (stating that a district court "should, after

proper inquiry, determine whether the proposed settlement and

dismissal are tainted by collusion or will prejudice absent

putative members with a reasonable 'reliance' expectation of the

maintenance of the action for the protection of their interests.") (emphasis added).

Accordingly, it is ORDERED that the parties file a brief in support of approval of the settlement and voluntary dismissal of this action, together with a copy of the settlement agreement and any relevant supporting documents, within five days of the entry of this order.  The court declines to preliminarily authorize the sealing of any such documents, and the parties are to comply with this District's protocols for sealing documents should they seek leave to seal them.

It is noted that any voluntary dismissal of this action shall be with prejudice only as between the named plaintiff and the defendant and shall be without prejudice as to the proposed class.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER:  August 20, 2021

John T. Copenhaver, Jr.
Senior United States District Judge